CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gary Scherer**, | **Case No**. |
| Plaintiff, | |
| v. | |
| | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act. |
| **Emrith Water Ngor,** Trustee of the Ngor Revocable Living Trust Dated November 30, 2004; | |
| **Siv Hun Lo Ngor,** Trustee of the Ngor Revocable Living Trust Dated November 30, 2004; | |
| **Boun, Inc.**, a California Corporation; | |
| and Does 1-10, | |
| Defendants. | |

Plaintiff Gary Scherer complains of Emrith Water Ngor; Siv Hun Lo Ngor; Boun, Inc.; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He suffers from a form of ataxia that significantly impairs his mobility, and uses a wheelchair for mobility.

1

Complaint

2. Defendant Emrith Water Ngor was a real property owner of the building/parcel located at or about 7400 Van Nuys Blvd., Ste. 104, Van Nuys, California, in May 2015.

3. Defendant Emrith Water Ngor is a real property owner of the building/parcel located at or about 7400 Van Nuys Blvd., Ste. 104, Van Nuys, California, currently.

4. Defendant Siv Hun Lo Ngor was a real property owner of the building/parcel located at or about 7400 Van Nuys Blvd., Ste. 104, Van Nuys, California, in May 2015.

5. Defendant Siv Hun Lo Ngor is a real property owner of the building/parcel located at or about 7400 Van Nuys Blvd., Ste. 104, Van Nuys, California, currently.

6. Defendant Boun, Inc. was the business owner of OK Chinese Restaurant, located at or about 7400 Van Nuys Blvd., Ste. 104, Van Nuys, California (hereinafter "OK Chinese"), in May 2015.

7. Defendant Boun, Inc. is the business owner of OK Chinese currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

Complaint

**JURISDICTION & VENUE:**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. OK Chinese is a facility open to the public, a place of public accommodation, and a business establishment.

13. Parking spaces are one of the facilities, privileges and advantages offered by Defendants to patrons of OK Chinese.

14. Unfortunately, the parking spaces serving OK Chinese are not accessible to persons with disabilities.

15. In May 2015, the parking spaces at OK Chinese designated for use by persons with disabilities were not in compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

16. In May 2015, the parking spaces designated for use by persons with disabilities measured less than 216 inches in length.

17. In May 2015, the access aisles serving the parking spaces designated for use by persons with disabilities measured less than 216 inches in length.

18. Currently, the parking spaces at OK Chinese designated for use by persons with disabilities are not in compliance with the ADAAG.

Complaint

19. Currently, the parking spaces designated for use by persons with disabilities measure less than 216 inches in length.

20. Currently, the access aisles serving the parking spaces designated for use by persons with disabilities measure less than 216 inches in length.

21. Paths of travel are another one of the facilities, privileges and advantages offered by Defendants to patrons of OK Chinese.

22. In May 2015, there was no accessible path of travel to the restroom at OK Chinese.

23. In May 2015, the path of travel to the restroom at OK Chinese was blocked by cleaning equipment and supplies.

24. In May 2015, the path of travel to the restroom at OK Chinese was less than 36 inches in width.

25. In May 2015, the path of travel to the restroom at OK Chinese was not passable by wheelchair users.

26. Currently, there is no accessible path of travel to the restroom at OK Chinese.

27. Currently, the path of travel to the restroom at OK Chinese is blocked by cleaning equipment and supplies.

28. Currently, the path of travel to the restroom at OK Chinese is less than 36 inches in width.

29. Currently, the path of travel to the restroom at OK Chinese is not passable by wheelchair users.

30. Plaintiff visited OK Chinese in May 2015.

31. The plaintiff personally encountered these violations and they denied him full and equal access and caused him great difficulty and frustration.

32. Restrooms are one of the facilities, privileges and advantages offered by Defendants to patrons of OK Chinese.

33. Because of the inaccessible path of travel to the restroom, Plaintiff was

Complaint

unable to use the restroom facilities in May 2015 and did not personally confront the barriers within. Nevertheless, Plaintiff alleges that the restroom at OK Chinese is inaccessible to persons with disabilities.

34. In May 2015, the restroom door hardware at OK Chinese was a traditional knob style handle that required tight grasping and twisting of the wrist to operate.

35. In May 2015, the plumbing underneath the sink in the restroom at OK Chinese was not wrapped to protect against burning contact.

36. In May 2015, the restroom mirror at OK Chinese was mounted on the wall so that its bottom edge was higher than 40 inches above the finish floor.

37. In May 2015, the restroom sink at OK Chinese was mounted such that the counter or rim was higher than 34 inches above the finish floor.

38. In May 2015, cleaning equipment and supplies were stored inside the restroom at OK Chinese, restricting clear floor space.

39. In May 2015, the restroom at OK Chinese did not provide a 60 inch diameter turning radius.

40. In May 2015, there was no clear floor space in front of the paper towel dispenser because it was mounted on the wall behind the toilet in the restroom at OK Chinese.

41. Currently, the restroom door hardware at OK Chinese is a traditional knob style handle that requires tight grasping and twisting of the wrist to operate.

42. Currently, the plumbing underneath the sink in the restroom at OK Chinese is not wrapped to protect against burning contact.

43. Currently, the restroom mirror at OK Chinese is mounted on the wall so that its bottom edge is higher than 40 inches above the finish floor.

44. Currently, the restroom sink at OK Chinese is mounted such that the counter or rim is higher than 34 inches above the finish floor.

Complaint

45. Currently, cleaning equipment and supplies are stored inside the restroom at OK Chinese, restricting clear floor space.

46. Currently, the restroom at OK Chinese does not provide a 60 inch diameter turning radius.

47. Currently, there is no clear floor space in front of the paper towel dispenser because it is mounted on the wall behind the toilet in the restroom at OK Chinese.

48. Additionally, although Plaintiff did not personally confront the following barriers, Plaintiff alleges that the upper level parking spaces at OK Chinese are inaccessible to wheelchair users.

49. In May 2015, the van accessible parking space in the upper parking lot did not have an eight foot access aisle.

50. Currently, the van accessible parking space in the upper parking lot does not have an eight foot access aisle.

51. Also, in May 2015, the path of travel from the upper level parking required a person to navigate a set of steps for which there was no useable lift or elevator.

52. Currently, the path of travel from the upper level parking requires a person to navigate a set of steps for which there was no useable lift or elevator.

53. Plaintiff would like to return and patronize OK Chinese but will be deterred from visiting until the defendants cure the violations.

54. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

55. Additionally, on information and belief, the plaintiff alleges that the

Complaint

failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

56. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

57. Plaintiff is and has been deterred from returning and patronizing OK Chinese because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the restaurant to assess ongoing compliance with the ADA and will return to patronize OK Chinese as a customer once the barriers are removed

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

58. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

59. Under the ADA, it is an act of discrimination to fail to ensure that the

Complaint

privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the parking space are to be addressed by state or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly

and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length. CBC § 11B-502.2. The access aisle must extend the full length of the parking spaces it serves. Id. at § 502.3.2.

60. Here, the failure to provide parking and access aisles that met the required length is a violation of the ADA.

61. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. The minimum clear width of an accessible route shall be 36 inches. 1991 Standards § 4.3.3.

62. Here, the path of travel to the restroom is less than 36 inches. It is blocked by cleaning equipment, supplies and other items that are stored there.

63. Here, the failure to provide a path of travel that allows disabled persons access to the restroom is a violation of the ADA.

64. Restroom door hardware must have handles and other operating devices that have a shape that is easy to use with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate. 1991 Standards § 4.23.2; 4.13.9; 2010 Standards § 404.2.7; 309.4.

65. Here, the failure to provide accessible restroom door hardware is a violation of the ADA.

66. Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 1991 Standards § 4.19.4; 2010 Standards §606.5.

67. Here, the failure to wrap the plumbing underneath the sink is a violation of the ADA.

68. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3.

69. Here, the mirror was mounted higher than the maximum permitted and

Complaint

is a violation of the ADA.

70. Sinks must be mounted so that the counter or rim is no higher than 34 inches above the finish floor. 1991 Standards § 4.24.2; 2010 Standards § 606.3.

71. Here, the counter/rim of the restroom sink was higher than 34 inches above the finish floor, in violation of the ADA.

72. In order for a bathroom to be considered accessible, it must provide unobstructed 60 inches in diameter of turning space. 1991 Standards § 4.23.3; 4.2.3; 2010 Standards § 603.2.1; 304.3.1.

73. Here, there is no such turning radius due obstructed clear floor space. As such, the restroom is not accessible and violates the ADA.

74. Clear floor space that allows a forward or a parallel approach by a person using a wheelchair shall be provided at controls, dispensers, receptacles, and other operable equipment. 1991 Standards § 4.27.2; 2010 Standards § 309.2.

75. Here, the failure to provide such floor space is a violation of the ADA.

76. Each accessible parking stall must have an access aisle adjacent to it. Standard accessible parking stalls can have a 60 inch wide access aisle while van accessible stalls must have a 96 inch wide access aisle. 1991 Standards § 4.1.2(5)(a)&(b) and 2010 Standards § 502.2.

77. Here, the van accessible parking space in the upper level parking lot does not have a 96 inch wide access aisle, in violation of the ADA.

78. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

79. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the ADA.

80. Given its location and options, OK Chinese is a business that the plaintiff will continue to desire to patronize, but he has been and will continue

Complaint

to be discriminated against due to the lack of accessible facilities.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

81. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

82. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

83. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: February 11, 2016          CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint